**FILED**

APR 1 0 2008

IN THE UNITED STATES DISTRICT COURT OF SOUTH DAKOTA

CLERK

| | |
|---|---|
| WENDI K. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) Civil Action $08 - 4053$ |
| | ) |
| v. | ) |
| | ) **VERIFIED COMPLAINT,** |
| UNITED LABORATORIES, INC., | ) **JURY DEMAND** |
| | ) **AND** |
| | ) **NOTICES OF APPEARANCE** |
| | ) |
| Defendant. | ) |

## OVERVIEW

This is an appeal of the Equal Employment Opportunity Commission's ("EEOC")

findings of no probable cause in the Plaintiff's cases of employment discrimination based

on gender, sexual harassment, and retaliation in Violation of Title VII and South Dakota

state law.

The following Verified Complaint is made under oath upon the information and

good faith belief of the Plaintiff.

## FACTS COMMON TO ALL CLAIMS

1. The Plaintiff "Plaintiff", "Wendi", or "Ms Taylor" is a resident of Sioux Falls,
   South Dakota and an employee of Defendant United Laboratories, Inc. She holds
   the position of unit director/manager/mentor/sales/trainer.

2. The Defendant "Defendant" or "United Labs," is a Delaware corporation with a
   headquarters in St. Charles, IL.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court against these claims alleged against the Defendant are
   based upon Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

1

2000 *et seq.,* SDCL § 20-13-10 *et seq.,* the general civil rights jurisdictional provisions of 28 U.S.C. § 1343(a)(4), as well as supplemental and pendent jurisdiction under 28 U.S.C. § 1367.

4.  Venue in this federal district is proper under 28 U.S.C. § 1391(b)(3) as Defendant corporation may be found in South Dakota through its employee, the Plaintiff, who is also its registered agent.

5.  Venue in this federal district is also proper under 28 U.S.C. § 1391(c) as several of the incidents of sexual harassment and discrimination complained of below occurred in this federal district.

6.  Venue in this federal district is also proper under 42 U.S.C. § 2000e-5(3) as several of the incidents of sexual harassment and discrimination complained of below occurred in this federal district.

### EEOC CHARGE NO. 440-2007-03518--FIRST CHARGE

7.  On or about April 2, 2007, Wendi filed her first charge of discrimination ("First Charge") with the Illinois Department of Human Rights ("IDHR"). The First Charge was filed stamped "Received EEOC Apr -9 2007 Chicagodistrictoffice." *See* Exhibit A, a true and correct copy of the First Charge, attached hereto and incorporated herein.

8.  In her First Charge, Wendi alleges that sometime on or about April 2006, her ex-manager, John Bacon, grabbed her arm and subjected her to sexually related jokes. *See Id.*

9.  Sometime in 1999, the Defendant had warned Bacon to have no contact with the Plaintiff.

2

10. Also in her First Charge, Wendi alleges that on or about September 20, a co-worker sent her sexually related pictures and emails. Wendi reported the emails to Human Resources but they did not stop. *See Id.*

11. Also in her First Charge, on or about February 2, 2007, a co-worker told Wendi to "wear something sexy." *See Id.*

12. Also in her First Charge, Wendi alleges that despite complaints to Human Resources, the Defendant did not address these discriminatory and harassing actions. *See Id.*

13. Also in her First Charge, Wendi alleges that because of her complaints of sexual harassment and discrimination, she was denied the opportunity to compete for a management position with the Defendant. *See Id.*

14. Ms Taylor also alleges that the Defendant took away some of her customer accounts in retaliation against her complaints of sexual harassment and discrimination.

15. On January 9, 2008, the Chicago District Office of the EEOC mailed a Dismissal and Notice of Rights ("Right to Sue Letter #1") adopting the state findings of no probable cause about the Plaintiff's charges. *See Id.*

16. The Plaintiff received the Right to Sue Letter #1 on or about January 12, 2008. *See* Exhibit B, a true and correct copy of Right to Sue Letter #1, attached hereto and incorporated herein.

### EEOC CHARGE NO. 32J-2007-00057—SECOND CHARGE

17. On or about September 8, 2006, Wendi sent the South Dakota Department of Labor Division of Human Rights ("SDDHR") a Charging Party Intake Form ("Intake

3

Form" alleging sexual discrimination and harassment against the Defendant. The SDDHR received the Intake Form on September 11, 2006. *See* Exhibit C, a true and correct copy of the Intake Form, attached hereto and incorporated herein.

18. On or about September 12, 2008, the SDDHR notified Ms Taylor that it was their opinion that she was not an employee of United Labs and that they would not process her Intake Form. Even after the Plaintiff faxed a copy of her employment contract with the Defendant to the SDDHR, the agency continued to take the position that Wendi was not a United Labs employee.

19. Ms Taylor then spent over $4,000 in court costs and attorneys fees to appeal the SDDHR's decision to state Circuit Court. The SDDHR failed to show up for the hearing in early 2007. At that time, the Circuit Court found that she was an employee of United Labs and that she could proceed with filing a charge against the Defendant with the SDDHR.

20. Subsequently, on or about April 4, 2007, Wendi finally filed a second charge of discrimination against the Defendant ("Second Charge") with the SDDHR. The Second Charge was file stamped "Received April 10, 2007." *See* Exhibit D, a true and correct copy of the Second Charge, attached hereto and incorporated herein.

21. In her Second Charge, she alleges that she had been discriminated against because of her gender and that she had been retaliated against for reporting such charges. *See Id.*

22. She further alleges in her Second Charge that she had endured sexual harassment from co-workers and customers that she had complained about a 2006 incident

4

involving John Bacon who also worked for United Labs and that United Labs failed to investigate the charge against Mr. Bacon fully. *See Id.*

23. Julie Remington of United Labs allegedly investigated the 2006 incident with Bacon and wrote the Plaintiff on June 19, 2006, that there was no evidence of sexual harassment. *See Id.*

24. Also in her Second Charge, she alleges that in 2006, a Mr. Becker, the Defendant's own attorney, had made sexual comments about the Plaintiff at a company conference and trip to Savannah, GA. *See Id.*

25. Also in her Second Charge, Wendi alleges that also at the Savannah conference, Mr. Bacon stalked and followed Ms Taylor. On April 20, 2006, Wendi made a formal complaint to Ms Remington who refused to make a note of Mr. Bacon's stalking of Wendi. *See Id.*

26. Also in her Second Charge, the Plaintiff alleges that United Labs' customer Gene Houg subjected Wendi to sexual harassment on or about June 30 and September 11, 2006. Wendi again reported these incidents to Ms Remington, who failed to respond to Ms Taylor's calls. *See Id.*

27. On or about June 2006, Ms Taylor also attempted to give Ms Remington her attorney's name and contact information regarding her treatment and concerns. However, Ms Remington said she did not want the information and hung up on the Plaintiff.

28. Also in her Second Charge, the Plaintiff alleges that on or about January 2007, she was not informed about an opening for a regional manager position for which that she was qualified. A male from outside of the company was hired instead for the

5

position. United Labs did not follow its own procedures by first posting the
opening for internal applicants like the Plaintiff, who was thus denied an
opportunity to apply. *See Id.*

29. Also in her Second Charge, the Plaintiff alleges that Defendant's Vice President of
Sales, Eric Fraser, required her to pay half of the freight costs for merchandise to
governmental clients though Plaintiff's policy allowed her to charge the client for
all such costs. *See Id.*

30. The Plaintiff believes she was required to make this reduction while male
employees were not. She also further believes she was made to do this in
retaliation for making sexual harassment and discrimination charges against the
Defendant.

31. Also in her Second Charge, the Plaintiff alleges that Mr. Frasier took away an
account from her. *See Id.* She believes this was done in retaliation for her making
charges of sexual harassment and discrimination against the Defendant.

32. Also in her Second Charge, the Plaintiff alleges that United Labs is trying to force
her to quit because of her complaints about sexual harassment and discrimination.
*See Id.*

33. The Plaintiff believes she has lost a substantial amount of money in her
employment with the Defendant because of the Defendant's acts of omission and
commission regarding these charges.

34. On February 27, 2008, the Chicago District Office of the EEOC mailed a Dismissal
and Notice of Rights ("Right to Sue Letter #2") adopting the state findings of no
probable cause concerning the Plaintiff's charges. *See Id.*

6

35. The Plaintiff received the Right to Sue Letter #2 on or about March 2, 2008. *See* Exhibit E, a true and correct copy of Right to Sue Letter #2, attached hereto and incorporated herein.

## COUNT 1—VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964—GENDER DISCRIMINATION

36. The Plaintiff realleges the above paragraphs and incorporates them herein.

37. United Labs's treatment of Ms Taylor violates Title VII of the Civil Rights Act of 1964 based on discrimination or harassment because of sex or gender, pursuant to 42 USC 2000(e) *et seq.*

38. This cause of action arises under federal question jurisdiction pursuant to 28 USC 1331 and 28 USC 1343.

39. The Defendant discriminated against the Plaintiff as described above.

40. The Plaintiff's gender was a determining factor of the discrimination.

41. The Plaintiff was harmed by the Defendant's discrimination as described above.

## COUNT 2-- VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964— SEXUAL HARASSMENT

42. The Plaintiff realleges the above paragraphs and restates them herein.

43. United Labs's treatment of Ms Taylor violates Title VII of the Civil Rights Act of 1964 based on discrimination or harassment because of sex or gender, pursuant to 42 U.S.C. 2000(e) *et seq.*

44. This cause of action arises under federal question jurisdiction pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1343.

45. The Plaintiff was subjected to unwanted sexually harassing behavior as described
    above.

46. Such conduct was unwelcome.

47. Such conduct was based on the Plaintiff's gender.

48. The Defendant failed to remediate or prevent such behavior even after the Plaintiff
    notified it of such harassing behavior.

49. On or about 2002, when the Plaintiff had complained of similar problems with a
    different customer, the Defendant notified the customer to stop such behavior
    towards Wendi. However, with these incidents, the Defendant did not take similar
    actions to protect Ms Taylor.

50. The Plaintiff was harmed such harassment.

## COUNT 4—VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF
## 1964—RETALIATION

51. The Plaintiff realleges the above paragraphs and restates them herein.

52. United Labs's treatment of Ms Taylor violates Title VII of the Civil Rights Act of
    1964 based on discrimination or harassment because of sex or gender, pursuant to
    42 U.S.C. 2000(e) *et seq.*

53. This cause of action arises under federal question jurisdiction pursuant to 28 U.S.C.
    1331 and 28 U.S.C. 1343.

54. The Plaintiff filed both EEOC charges alleging sexual harassment and
    discrimination and complained of the same to the Defendant as described above.

55. The Defendant took away employment opportunities, perquisites, and customers as described above in retaliation. The Plaintiff also believes she lost income from the Defendant's acts of commission and omission in protecting her.

56. The Plaintiff filed EEOC charges alleging sex discrimination and sexual harassment and notified the Defendant of such discrimination and harassment.

57. The Defendant retaliated against the Plaintiff as described above.

58. The Plaintiff's filing of an EEOC charges and notifying the Defendant of sexual harassment and discrimination as described above were motivating factors in the Defendant's retaliation against the Plaintiff.

59. The Plaintiff was harmed by such retaliation as described above.

## COUNT 5— VIOLATION OF SOUTH DAKOTA HUMAN RIGHTS ACT— GENDER DISCRIMINATION

60. The Plaintiff reallges the paragraphs above and incorporates them herein.

61. Pendant jurisdiction is applicable pursuant to 28 USC 1367.

62. The Defendant violated the Plaintiff's rights under SDCL § 20-13-10.

63. The Plaintiff realleges Paragraphs 33-35 herein.

## COUNT 6— VIOLATION OF SOUTH DAKOTA HUMAN RIGHTS ACT— SEXUAL HARASSMENT

64. The Plaintiff reallges the paragraphs above and incorporates them herein.

65. Pendant jurisdiction is applicable pursuant to 28 U.S.C. 1367.

66. The Defendant violated the Plaintiff's rights under SDCL § 20-13-10.

67. The Plaintiff realleges Paragraphs 39-43 herein.

## COUNT 7— VIOLATION OF SOUTH DAKOTA HUMAN RIGHTS ACT—

## RETALIATION

68. The Plaintiff realleges the paragraphs above and incorporates them herein.

69. Pendant jurisdiction is applicable pursuant to 28 U.S.C. 1367.

70. The Defendant violated the Plaintiff's rights under SDCL 20-13-10.

**71.** The Plaintiff realleges Paragraphs 47-52 herein.

## PRAYER FOR RELIEF

72. That a jury tries the Plaintiff's causes of action.

73. That the Plaintiff be compensated by the Defendant for all lost wages, benefits, and
    perks caused by the sexual discrimination, harassment, and retaliation in an amount
    to be determined at trial.

74. That the Plaintiff receives punitive damages in an amount to be determined for the
    Defendant's actions against the Plaintiff as described above.

75. That the Plaintiff receives Judgment from United Labs for her reasonable attorneys
    fees and costs to bring the SDDOL/DHR & EEOC charge as well as to bring this
    action.

76. That the Plaintiff receive Judgment from United Labs for the physical and
    emotional distress that she has suffered at the hands of United Labs's
    discrimination, harassment, and retaliation.

77. That the Plaintiff receives any other relief that is just, reasonable, and legal under
    the circumstances.

10

# THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL SUCH CAUSES OF

## ACTON SO TRIABLE.

Dated April 10, 2008.

X Wendi K. Taye

Wendi K. Taylor

Plaintiff

11

## NOTICES OF APPEARANCE

Todd D. Epp and Rachel Riphagen, attorneys at Galland Law Firm, PC, 317 N.

Main Ave., Sioux Falls, SD 57104, (o) 605.334.0446 (f) 605.334.5388 (email)

tepp@gallandlegal.com and rriphagen@gallandlegal.com, hereby note their appearances in

this matter.

Todd D. Epp. Esq.

Rachel Riphagen, Esq.

## VERIFICATION OF COMPLAINT

State of South Dakota)

                :SS

County of Minnehaha)

     WENDI K. TAYLOR, of lawful age, being duly sworn on oath, deposes and

     states:

     I am the above named Plaintiff; I have read the above and foregoing, know the contents thereof, and all the statements therein are true. All statements herein made on information and belief are made in good faith in accordance with my understanding of the facts at this time.

                              WENDI K. TAYLOR

     BE IT REMEMBERED, that on this 10th day of April 2008, before me, the undersigned, a Notary Public in and for the County and State aforementioned, came Wendi K. Taylor, who is personally known to me to be the same person who executed the foregoing instrument and duly acknowledge the execution of the same.

     IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my seal on the day and year last above written.

                              Notary Public—South Dakota

My Commission Expires: _10-17-2013_

13